UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., )<br>　　　　Plaintiffs, )<br>　v. )<br> )<br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., )<br> )<br>　　　　Defendants. )<br> ) | Case No. 24-cv-2194<br><br>Hon. James E. Boasberg |

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

　Defendants the U.S. Environmental Protection Agency and Michael Regan in his official capacity as Administrator thereof (collectively "EPA") hereby move the Court under Fed. R. Civ. P. 12(b)(1) and LCvr 7 to dismiss this citizen suit under Section 2619(a)(2) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2619(a)(2), because the Court lacks subject matter jurisdiction over the claims asserted.  Plaintiffs Center for Environmental Health and Public Employees for Environmental Responsibility (collectively "Plaintiffs") base their claims on allegations that EPA has not fulfilled a nondiscretionary duty under Section 2603(f) to "initiate applicable action under section 2604, 2605, or 2606" with respect to perfluorooctanoic acid ("PFOA") generated when Inhance Technologies, LLC ("Inhance") fluorinates plastic containers.  *Id*. § 2603(f) (emphasis added); Complaint, ECF No. 1, ¶¶ 2, 8, 22, 24.  But Plaintiffs' claims now are moot, because EPA fulfilled any such obligation on September 24, 2024, by initiating action under Section 2605 with respect to certain per- and polyfluoroalkyl substances (collectively PFAS), including PFOA,

1

generated during the fluorination of plastic containers.[1]  This Court therefore lacks subject matter jurisdiction over Plaintiffs' claims, and the case should be dismissed.

## BACKGROUND

### I. LEGAL BACKGROUND

Congress enacted TSCA in 1976 to protect human beings and the environment from chemical substances that "present an unreasonable risk of injury to health or the environment." 15 U.S.C. § 2601(a).  Pertinent to this case, once information received by or available to EPA "indicates to the Administrator that there may be a reasonable basis to conclude that a chemical substance or mixture presents a significant risk of serious or widespread harm to human beings," EPA is required to "initiate applicable action under section 2604, 2605, or 2606" or publish a notice in the Federal Register within 180 days explaining why that risk is not unreasonable.  *Id.* § 2603(f).

#### A. TSCA Regulation of Chemical Substances and Their Uses under 15 U.S.C. §§ 2604, 2605

In broad terms, EPA regulates new and existing chemical substances, mixtures and their uses under Sections 2604 and 2605 of TSCA, respectively.  15 U.S.C. §§ 2604, 2605.  It is unlawful to fail or refuse to comply with TSCA rules and orders.  *Id*. § 2614.  Exclusive and original jurisdiction to review rules and orders issued under Sections 2604 and 2605 lies in the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") or the Circuit in which a petitioner resides or its principal place of business is located.  *Id*. § 2618(a)(1).

---

[1] EPA does not concede that Section 2603(f) imposes a nondiscretionary duty on which a Section 2619(a)(2) citizen suit claim can be based, or that the Court could grant any relief other than a deadline by which EPA must *initiate* one of four possible actions that EPA, in its sole discretion, deems appropriate based on the unique data, facts, and circumstances before the Agency.  Because EPA *has* initiated proceedings under Section 2605 with respect to the substances at issue in this case, however, the Court does not need to reach these issues to dismiss this case.

### 1. Regulation of New Chemical Substances, Mixtures and Significant New Uses under 15 U.S.C. § 2604

Pursuant to 15 U.S.C. § 2604, with exemptions not relevant here it is unlawful for any person to manufacture a new chemical substance or to manufacture or process a chemical substance for a "significant new use" without prior notice to EPA and EPA authorization of such manufacture. *Id*. § 2604(a)(1)(A). EPA determines that a use is a significant new use by a notice and comment rule making "promulgated after a consideration of all relevant factors," including specific statutory factors concerning the significance of the use. *Id.* § 2604(a)(1), (2). Once a Section 2604 rule designating uses of a chemical substance as "significant new uses" becomes effective, no person may manufacture or process the chemical substance for those uses until after: (1) that person submits a notice to EPA; (2) EPA reviews that notice; and (3) EPA makes a risk determination regarding the manufacture and processing of the chemical substance for those uses. *Id*. § 2604(a); 40 C.F.R. § 721.25. If EPA finds that there is insufficient evidence to evaluate the effects of a significant new use of a particular chemical substance or mixture, or determines that such a use may present or presents an unreasonable risk of injury, then EPA also takes action under 15 U.S.C. § 2604(e) or (f) to prohibit or limit the manufacture, processing, or distribution in commerce of the chemical substance for that use "to the extent necessary to protect against an unreasonable risk of injury to health or the environment, without consideration of costs or other nonrisk factors." 15 U.S.C 2604(a)(3), (e), (f).

Where EPA finds that there is insufficient evidence to evaluate the effects of a significant new use of a chemical substance or that such use of a chemical substance may present unreasonable risk, EPA documents that finding and specifies measures necessary to protect against unreasonable risk in an administrative order under 15 U.S.C. § 2604(e). Where EPA finds that

3

such use presents unreasonable risk, EPA may issue an administrative order or an immediately effective proposed rule under Section 2605(a). 15 U.S.C. § 2604(f).

### 2. Regulation of Chemicals and Uses under 15 U.S.C. § 2605

EPA may regulate chemical substances, mixtures and uses via notice and comment rulemaking under 15 U.S.C. § 2605.  When EPA proposes and promulgates rules under Section 2605, EPA must consider and publish a statement based on reasonably available information with respect to, among other things, the effects of the chemical substance on health and the environment, the magnitude of exposure of human beings and the environment to the chemical substance, the costs and benefits of the proposed and final regulation and one or more alternatives considered by EPA, and the likely effect of the regulation on the national economy, small business, technological innovation, the environment, and public health.  15 U.S.C. § 2605(c)(1), (2)(A)–(C). Unlike under Section 2604, in choosing among options to manage unreasonable risk under Section 2605, EPA must factor in each of these considerations "to the extent practicable," while still addressing the unreasonable risk.  *Id*. § 2605(c)(2)(B).

### B. Seizure and Injunctive Relief under 15 U.S.C. § 2606

EPA has the discretion to commence a civil action in the district courts under 15 U.S.C. § 2606 to seize imminently hazardous chemical substances, mixtures, or articles containing them, and to obtain injunctive relief against any person who manufactures, processes, distributes in commerce, uses, or disposes of them.  *See Lockett v. United States,* 938 F.2d 630, 634-35 (6th Cir. 1991) ("15 U.S.C. § 2606 (a) provides the EPA 'may' file a civil suit . . ."); *see e.g., United States v. M/V Sanctuary,* 540 F.3d 295, 301 (4th Cir. 2008).  Section 2606 also addresses the interplay between rulemaking to address substances identified as imminently hazardous and civil actions with respect to such substances.  Specifically, it provides that if the Administrator has not made a section 2605(a) rule for an imminently hazardous chemical substance or mixture

4

immediately effective as authorized by Section 2605(d)(3)(a)(i), EPA shall commence a civil action under Section 2606(a)(1) with respect to the substance, mixture or article containing such substance of mixture.  15 U.S.C. § 2606(a)(2).

### C. TSCA Citizen Suits

TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorizes persons to bring suit in the federal district courts "against [EPA] to compel [EPA] to perform any act or duty under [TSCA] which is not discretionary."  *See Environmental Defense Fund v. Regan,* Case No. 20-cv-762, 2024 WL 3887383 *7 (D.D.C. Aug. 20, 2024) (quoting *Sierra Club v. Thomas*, 828 F.2d 783, 790-91 (D.C. Cir. 1987)).  Such suits may only be brought where another TSCA provision expressly requires EPA to take a discrete action by a "date-certain deadline," effectively leaving the Agency with no discretion.  *Environmental Defense Fund,* 2024 WL 3887383 at *7 (TSCA citizen suit); *Sierra Club v. Thomas,* 828 F.2d at 790-91; *see also Citizens for Constitutional Integrity v. United States,* 70 F.4th 1289, 1297-98 (4th Cir. 2023) (collecting cases).  In such cases, the district courts are empowered only to establish an enforceable deadline for EPA to take the statutorily required action.  *See Citizens for Constitutional Integrity,* 70 F.4th at 1300 & n.12 (internal citations omitted); *NRDC v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974); *see also Sierra Club v. Johnson,* 444 F. Supp.2d 46, 60 (D.D.C. 2006) ("it is beyond this Court's authority to tell EPA *how* (as opposed to when) it must fulfill its duties") (emphasis in original) (quoting *Sierra Club v. Browner,* 130 F. Supp. 2d 78, 90 (D.D.C. 2001)); *Izaak Walton League of Am. v. Johnson*, 400 F. Supp.2d 38, 41-42 (D.D.C. 2005) (internal citations omitted).

## II. FACTUAL BACKGROUND

### A. PFAS Significant New Use Rule and Orders Issued to Inhance under TSCA Section 5, 15 U.S.C. § 2604

On July 27, 2020, EPA finalized a significant new use rule under 15 U.S.C. § 2604 for specific categories of long-chain PFAS ("PFAS Significant New Use Rule"). 85 Fed. Reg. 45,109 (July 27, 2020); *see also Inhance Technologies, L.L.C. v. EPA,* 96 F.4th 888, 892 (5th Cir. 2024). That rule is codified at 40 C.F.R. § 721.10536.

Inhance uses a process known as fluorination to treat third-party plastic packaging and containers to enhance their stability and reduce their permeability. Complaint ¶¶ 52, 55. In 2021, EPA became aware that the company's fluorination process generates long-chain PFAS, including PFOA. *Id.* ¶¶ 61-62. EPA issued a notice of violation to Inhance in March 2022 notifying the company that its manufacture of these long-chain PFAS violates TSCA section 2604 and the PFAS Significant New Use Rule; however, the company refused to stop production. *Id.* ¶ 68; *see Inhance,* 96 F.4th at 892.

EPA ultimately determined, pursuant to section 2604(a)(3), that certain PFAS generated by Inhance's fluorination process present, or may present, an unreasonable risk of injury to human health and the environment *Inhance,* 96 F.4th at 892. EPA therefore issued orders to Inhance under 15 U.S.C. § 2604 requiring the company to stop manufacturing those PFAS. *Id.*

Inhance refused to comply with the orders and appealed them to the U.S. Circuit Court of Appeals for the Fifth Circuit ("Fifth Circuit"). The Fifth Circuit vacated the orders in March 2024. The Fifth Circuit concluded that Inhance's fluorination process is not a "new" use within the meaning of 15 U.S.C. 2604, and therefore is not subject to the PFAS Significant New Use Rule.

6

*Id.* at 895-96.[2]  The Fifth Circuit noted however that EPA *can* properly regulate Inhance's fluorination process under 15 U.S.C. § 2605.  *Id.* at 895.

      **B.**    **TSCA Action for PFAS Generated during Plastic Fluorination under TSCA Section 6, 15 U.S.C. § 2605**

Less than a month after the Fifth Circuit vacated the Section 2604 orders to Inhance, Plaintiffs, among others, petitioned EPA requesting that the Agency take action under Section 2605 to prohibit the manufacturing, processing, use, distribution in commerce, and disposal of three per- and polyfluoroalkyl substances formed during the fluorination of plastic containers.  EPA granted that petition on July 10, 2024, in a letter ("Petition Letter") stating that:

> The agency will promptly commence an appropriate proceeding under TSCA Section [2605] associated with the formation of PFOA, PFNA, and PFDA during the fluorination of plastic containers.  As part of that proceeding, the EPA intends to request information, including the number, location, and uses of fluorinated containers in the United States; alternatives to the fluorination process that generates PFOA, PFNA, and PFDA; and measures to address risk from PFOA, PFNA, and PFDA formed during the fluorination of plastic containers.

Ex. A, Letter dated July 10, 2024, from Michal Freedhoff, Assistant Administrator, Office of Chemical Safety and Pollution Prevention, at 4; *see id.* at 1 ("The EPA will promptly commence an appropriate proceeding under TSCA Section [2605]. The EPA's grant of this petition . . . does not signal that EPA will ultimately take any *particular* final agency action.") (emphasis added).  Plaintiffs filed this lawsuit two weeks after EPA granted their administrative petition.

EPA followed through on that commitment by initiating 15 U.S.C. § 2605 proceedings on September 24, 2024.  The Agency initiated those proceedings by signing and ensuring expedited

---

[2]  In 2022, EPA filed a civil suit against Inhance under 15 U.S.C. § 2616 and the Declaratory Judgment Act, 28 U.S.C. §2201, on the ground that Inhance's fluorination process violated TSCA Section 2604 and the PFAS Significant New Use Rule.  *United States v. Inhance Techs. LLC,* Case No. 22-cv-5055 (E.D. Pa.); *see also Ctr for Environmental Health v. Inhance Techs. USA,* Case No. 22-cv-3819, 2023 WL 2808710 *1 (D.D.C. April 6, 2023) (JEB).  The case was voluntarily dismissed in May 2024 prior to a decision on the merits.

publication of a notice in the Federal Register that, among other things, seeks the information specified in the Petition Letter and announces that the agency has opened a publicly accessible, online docket into which that information should be deposited. Ex. B, Notice titled "Certain Per- and Polyfluoroalkyl Substances (PFAS) Risk Management Under the Toxic Substances Control Act (TSCA); Request for Comment," signed September 24, 2024, by Michal Freedhoff, Assistant Administrator, Office of Chemical Safety and Pollution Prevention. That notice was transmitted to the Office of the Federal Register, which has already posted it on the Office's publicly accessible and searchable web site at https://federalregister.gov/d/2024-22330 (last accessed Sept. 27, 2024) and will formally publish it on September 30, 2024. *Id.* at 1.

## **STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once a court determines that it lacks jurisdiction, the case must be dismissed. Fed. R. Civ. P. 12(h)(3). Defendants may assert a "factual" challenge to the court's subject matter jurisdiction based in whole or in part on information outside the pleadings. *Macharia v. United States,* 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Klayman v. Nat'l Security Agency*, 280 F. Supp.3d 39, 50 (D.D.C. 2017) (internal citations omitted). When deciding such a motion, the court cannot "assum[e] the truth of the facts alleged by the plaintiff and disputed by the defendant" but "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000); *Klayman*, 280 F. Supp.3d at 50. In doing so, the court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v.*

*Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citation omitted); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

"[A] complaint must be dismissed for lack of subject matter jurisdiction if the action is not a 'case' or 'controversy' under Article III of the Constitution." *Oregonians for Floodplain Protection v. U.S. Dept of Commerce,* 334 F. Supp.3d 66, 71 (D.D.C. 2018) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982)). This means that, throughout the litigation, "a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240-241 (1937)); *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990); *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1128 (D.C. Cir. 2024) (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)); *Izaak Walton League*, 400 F. Supp.2d at 41 (internal citations omitted).  Whenever that requirement is no longer met, a case is moot and must be dismissed for lack of jurisdiction without reaching the merits.  Fed. R. Civ. P. 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *North Carolina*, 404 U.S. at 246 ("[O]ur impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)) (other internal citations omitted)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011); *Izaak Walton League*, 400 F. Supp.2d at 41 (dismissing Clean Air Act citizen suit as moot following EPA's performance of duty sued upon).

## ARGUMENT

This case became moot on September 24, 2024, when EPA fulfilled the alleged duty on which Plaintiffs' citizen suit claims were based. More specifically, 15 U.S.C. § 2603(f) requires EPA to initiate—not finalize—applicable action under one of the following sections: 2604, 2605 *or* 2606. EPA fulfilled that obligation (which it does not concede is actionable under TSCA's citizen suit provision) by initiating proceedings under Section 2605 regarding certain PFAS, including PFOA, created during the fluorination of plastic containers. *See* Ex. B, at 1, 3; *see also Izaak Walton League*, 400 F. Supp.2d at 41-42. This case therefore is moot, and should be dismissed because the Court no longer has subject matter jurisdiction over Plaintiffs' claims.[3]

### I.     Section 2603(f) is Fulfilled when Action is Initiated under 15 U.S.C. § 2605.

Plaintiffs misapprehend the scope of the obligation imposed by Section 2603(f) when they allege that EPA is required to publish a proposed rule under Section 2605 that has immediate effect banning PFOA formation during fluorination, or, in the alternative, to file a civil suit under Section 2606 seeking a judicial order imposing such a ban. Complaint, ¶¶ 21, 121, 133 & at 28-29, ¶¶ (3)-(4). Instead, Section 2603(f) provides in pertinent part only that "[EPA] shall . . . initiate applicable action under Section 2604, 2605, *or* 2606." (emphasis added). Moreover, each of those Sections provide EPA different options to choose among, depending upon the unique information and circumstances presented and the conclusions that EPA draws from them. Therefore, Section 2603(f) is fulfilled when EPA initiates an action that the Agency deems applicable under one of the

---

[3] Based on these same facts, and for these same reasons, Plaintiffs can no longer state a claim upon which relief can be granted under 15 U.S.C. § 2619(a)(2). Their claims therefore do not fall within the narrow waiver of sovereign immunity in Section 2619(a)(2), and the Court lacks subject matter jurisdiction over them for this reason as well. *See Cade v. EPA,* Case No. 23-cv-2227, 2024 WL 3443470 *4 (D.D.C. July 17, 2024) (citing *Sierra Club v. Wheeler*, 330 F. Supp. 3d 407, 421 n.5 (D.D.C. 2018) and *Defs. of Wildlife v. Jackson*, 284 F.R.D. 1, 4 (D.D.C. 2012) ("The court has jurisdiction only if the EPA has failed to fulfill a nondiscretionary duty.")).

sections identified in the manner that the Agency deems appropriate.  *See e.g., Ctr. for Envtl. Health v. Regan*, 103 F.4th 1027, 1037-39 (4th Cir. 2024) ("[B]y promptly commencing a proceeding for determining how to best test PFAS, the EPA gave Petitioners all that they were entitled to receive.") (EPA did not constructively deny TSCA Section 2620(a) administrative petition by performing resulting Section 2603 testing differently than petitioner desired).

Plaintiffs also misapprehend the relief available in Section 2619(a)(2) citizen suits to the extent they seek an order specifying the nature and substance of the action that EPA must take and under which TSCA provisions.  Complaint, ¶¶ 21, 121, 133, & at 28-29 (prayer for relief).  It is well established that "it is beyond th[e] Court's authority to tell EPA *how* (as opposed to when) it must fulfill its duties" in a citizen suit.  *Sierra Club v. Johnson,* 444 F. Supp.2d at 60 (emphasis added) (quoting *Sierra Club v. Browner,* 130 F. Supp.2d at 90); *Izaak Walton League of Am. v. Johnson*, 400 F. Supp.2d at 41-42 (internal citations omitted); *Citizens for Constitutional Integrity,* 70 F.4th at 1300 & n.12 (internal citations omitted); *NRDC v. Train*, 510 F.2d at 705; *see also Ctr. for Envtl. Health*, 103 F.4th at 1030, 1038-39 (courts cannot specify manner or substance of EPA proceedings initiated in response to a TSCA Section 2620(a) administrative petition).

## II.     EPA Initiated Action under 15 U.S.C. § 2605 for PFOA Generated during Plastic Fluorination.

EPA fulfilled any obligation it may have under Section 2603(f) on September 24, 2024 by initiating the Section 2605 proceedings the Agency committed to undertake when it granted Plaintiffs' administrative petition just two weeks before this case was filed.  Ex. A, at 2, 3; Ex. B, at 1, 3.  The letter granting that petition stated:

> "*As part of that proceeding*, the EPA intends to request information, including the number, location, and uses of fluorinated containers in the United States; alternatives to the fluorination process that generates [three types of PFAS]; and

      measures to address risk from [those types of PFAS] formed during the fluorination of plastic containers."

Ex. A, at 3 (emphasis added); *see e.g.,* 15 U.S.C. § 2605(c)(2).

      EPA initiated that proceeding by opening a publicly accessible docket for the submission of that same information and by issuing the attached notice which already has been made public by the Office of the Federal Register and will be formally published on September 30, 2024, seeking that information and related public comment within 60 days. Ex. B, at 1, 3 ("*EPA has identified information necessary to* inform the Agency's path forward with respect to *regulation of these PFAS* formed during the fluorination of plastic containers *under TSCA section [2605] and is issuing this notice to collect such information*") (emphasis added). EPA explained that information about alternative fluorination processes is necessary for EPA to consider the availability of technically and economically feasible alternatives that benefit health or the environment, as required under Section 2605(c)(2)(C). Similarly, consistent with Section 2605(d), EPA is seeking input about the availability of alternatives and the number, location, and uses of fluorinated containers to inform its consideration of compliance dates for regulation as appropriate under TSCA. Further, information about the uses of fluorinated containers, alternatives to the fluorination process, and measures to address risk from PFAS formed during the fluorination of plastic containers will inform EPA's consideration of exemptions from regulation and conditions on such exemptions,[4] pursuant to Section 2605(g). Ex. B, at 3-5.

      Opening the docket and issuing the notice therefore constitute the initiation of the Section 2605 process and constitute an intervening event that has made it impossible to grant Plaintiffs any

---

[4] EPA may only grant an exemption from a Section 2605 rule via rulemaking. 15 U.S.C. § 2605(g)(1). Furthermore, TSCA requires EPA to propose an exemption before it may finalize it, and must include in such proposal an analysis "of the need for the exemption."

12

effective relief for their 15 U.S.C. § 2619(a)(2) nondiscretionary duty suit.[5]  Moreover, when EPA ultimately takes final action under Section 2605, original and exclusive jurisdiction to review it will lie in the U.S. Court of Appeals for the District of Columbia Circuit or the Circuits in which Plaintiffs' principal places of business are located.  15 U.S.C. § 2618(a)(1).  Consequently, Plaintiffs' claims are moot, and the case no longer satisfies the case or controversy requirement of Article III Section 2 of the Constitution.

## **CONCLUSION**

For all of the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiffs' claims and the case should be dismissed.

Dated:  September 27, 2024	Respectfully submitted,

U.S. Department of Justice
Environment & Natural Resources Division

  */s/ Heather E. Gange*
HEATHER E. GANGE, Senior Attorney
D.C. Bar No. 452615
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 514-4206
Heather.Gange@usdoj.gov

*C*ounsel for Defendants

---

[5]  Plaintiffs have not asserted a citizen suit claim based on an alleged nondiscretionary duty imposed by 15 U.S.C. § 2606, despite Paragraph (2) of their prayer for relief.  Complaint, at 29, ¶ (2).  Indeed, Section 2606 imposes no such duty, and therefore could not be the basis for a Section 2619(a)(2) citizen suit claim, because it contains no date-certain deadline by which EPA must take specified action.  *Environmental Defense Fund,* 2024 WL 3887383 at *7.  Moreover, the Complaint discusses Section 2606 in conjunction with PFAS that are imminently hazardous substances and Section 2605 rules that are not immediately effective.  Complaint ¶¶ 18, 50, 126, 133.  No pertinent proposed Section 2605 rule even exists, and so no related obligation could have arisen under Section 2606.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                  */s/ Heather E. Gange*