UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 24-cv-2194 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | Hon. James E. Boasberg |
| Defendants. | ) ) ) | |

**MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant the United States Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator (collectively "EPA") hereby move the Court pursuant to LCvR 7 to stay all other proceedings in this case pending the conclusion of briefing for, and the resolution of, EPA's motion to dismiss for lack of subject matter jurisdiction. ECF No. 14. In support of this motion, EPA states as follows:

1.  Plaintiffs filed this Toxic Substances Control Act ("TSCA") citizen suit under 15 U.S.C. § 2619(a)(2) seeking injunctive and declaratory relief based on allegations that EPA did not timely fulfill an obligation imposed by 15 U.S.C. § 2604(f) to "initiate applicable action under section 2604, 2605 or 2606" with respect to per- and polyfluoroalkyl substances ("PFAS") generated by Inhance's fluorination of plastic materials. ECF No. 1. Service was effected on the U.S. Attorney for the District of Columbia on August 9, 2024, and the United States' response to the Complaint currently is due by October 7, 2024.

2.  On September 11, 2024, Inhance moved to intervene in this action. ECF No. 11. The deadline for EPA's response to that motion recently was extended until September 30, 2024. *See* Minute Orders, dated September 30, 2024.

1

3.	On July 11, 2024, EPA granted Plaintiffs' administrative petition to initiate proceedings under 15 U.S.C. § 2605 with respect to per- and polyfluoroalkyl substances ("PFAS") generated by the fluorination of plastic materials, including the substances at issue in this case. In the letter granting that petition, EPA stated that, "As part of that proceeding, the EPA intends to request information, including the number, location, and uses of fluorinated containers in the United States; alternatives to the fluorination process that generates PFOA, PFNA, and PFDA; and measures to address risk from PFOA, PFNA, and PFDA formed during the fluorination of plastic containers." Ex. A, Letter dated July 10, 2024, from Michal Freedhoff, Assistant Administrator, Office of Chemical Safety and Pollution Prevention, at 4.

4.	EPA initiated those Section 2605 proceedings on September 24, 2024, by issuing a notice that, among other things, seeks the information specified in the letter granting Plaintiffs' petition, seeks public comment within 60 days, and announces that the agency has opened a publicly accessible, online docket into which that information and public comments should be deposited. Ex. B, Notice titled "Certain Per- and Polyfluoroalkyl Substances (PFAS) Risk Management Under the Toxic Substances Control Act (TSCA); Request for Comment," https://federalregister.gov/d/ 2024-22330 (last accessed Sept. 27, 2024). The Office of the Federal Register already posted the notice to its publicly accessible web site and will formally publish it on September 30, 2024. *Id.* at 1.

5.	Because EPA initiated Section 2605 proceedings for the PFAS at issue in this case, the Agency has fulfilled the alleged duty on which Plaintiffs based their TSCA citizen suit claims and Plaintiffs have received all of the relief they could have obtained if they prevailed on those claims. Plaintiffs' claims therefore are moot, and the Court no longer has subject matter jurisdiction over them. Consequently, EPA moved to dismiss this case under Fed. R. Civ. P. 12(b)(1) and (h)(3) on September 27, 2024. ECF No. 14.

6. EPA now seeks a stay of all other proceedings in this case while the motion to dismiss is briefed and decided. It would needlessly consume EPA's and Inhance's time and resources to brief Inhance's motion to intervene, which EPA opposes, because the Court no longer has subject matter jurisdiction. No other motions are pending, and no schedule has been set. Therefore, neither the Court nor the parties would be prejudiced by a stay of other proceedings while the motion to dismiss is briefed and decided.

7. Pursuant to LCvR 7(m), undersigned counsel conferred with counsel for Plaintiffs, and they represent that Plaintiffs oppose this motion. Undersigned counsel also attempted to confer with counsel for Inhance, however no response has been received to date. EPA nonetheless is submitting this opposed motion, because undersigned counsel will be travelling out of town for unrelated cases from Sunday, September 29, through Friday, October 4, and the current deadline for responding to Inhance's motion to intervene is imminent.

8. Based on the foregoing, EPA respectfully requests that the Court enter an Order staying all other proceedings in this case while EPA's motion to dismiss for lack of subject matter jurisdiction (ECF No. 14) is briefed and decided, including Inhance's motion to intervene.

Dated: September 28, 2024          Respectfully submitted,

                                                   U.S. Department of Justice
                                                   Environment & Natural Resources Division

                                                   /s/ Heather E. Gange
                                                 HEATHER E. GANGE, D.C. Bar No. 452615
                                                 Environmental Defense Section
                                                 P.O. Box 7611
                                                 Washington, DC 20044
                                                 (202) 514-4206

                                                 *Counsel for EPA*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system.  The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

   /s/ Heather E. Gange