IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER F0R ENVIRONMENTAL HEALTH and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL REGAN, as Administrator of the United States Environmental Protection Agency, and the UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 24-cv-2194<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

Plaintiffs Center for Environmental Health ("CEH") and Public Employees for Environmental Responsibility ("PEER") strongly oppose the September 28, 2024 motion of defendant Environmental Protection Agency ("EPA") to stay this case pending resolution of its motion to dismiss.

1.  Plaintiffs are in the final stages of preparing a summary judgment motion on liability which seeks a dispositive ruling on the urgent public health issues in this case. The Court should allow this motion to move forward on a fast track and consider it together with EPA's motion to dismiss. This will avoid unwarranted and harmful delay in addressing an immediate threat to the health of millions of Americans from Per- and Polyfluoroalkyl Substances ("PFAS"). EPA deems this chemical class uniquely dangerous because PFAS do not break down or degrade over time, are highly persistent, accumulate in

1

the blood of people and the environment, and cause numerous serious health effects at extremely low levels of exposure. *EPA PFAS National Primary Drinking Water Regulation Rulemaking,* 88 Fed. Reg. 18638, 18643 (March 29, 2023) (citations omitted).

2. At issue in this case is EPA's failure to perform non-discretionary duties prescribed by section 4(f) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2603(f). These obligations are triggered when EPA receives information which indicates "that there may be a reasonable basis to conclude that a chemical substance or mixture presents a significant risk of serious or widespread harm to human beings." Within 180 days "of the receipt of the information," EPA "*shall* . . . initiate applicable action under section [5, 6 or 7] to prevent or reduce such risk to a sufficient extent" (emphasis added).

EPA has failed to carry out this duty despite obtaining compelling evidence starting in late 2020 that millions of consumers and workers are at significant risk of harm from the presence of one PFAS, perfluorooctanoic acid ("PFOA"), in plastic containers. Each year, 200 million of these containers undergo "fluorination" treatment by Inhance Technologies LLC ("Inhance").[1] Chemical reactions during fluorination form PFOA and several other PFAS which leach from the plastic into the contents of containers that are used in virtually every sector of the economy. PFOA, which is found in all fluorinated containers, is likely the most dangerous chemical in the PFAS class: EPA has found that it is not only ubiquitous but is a known human carcinogen for which there is no safe level of exposure. 88 Fed. Reg. 18638, 18,646–47, 18,656–63, 18,704. 18,718. Leading chemical manufacturers stopped producing PFOA in 2015 in recognition of its unusually serious health effects, presence in the blood of 98 percent of Americans and pervasive contamination of drinking water.

---

[1] On September 11, 2024, Inhance moved to intervene in this action. ECF No. 11. Plaintiffs have indicated that they do not oppose the motion but EPA seeks to delay its response until its motion to dismiss is decided.

By March 29, 2023, after extensive investigation, EPA knew that PFOA was a human carcinogen with no safe level of exposure and millions of people were exposed to the substance from fluorinated packaging. Thus, EPA was on notice of a "significant risk of serious or widespread harm to humans" triggering section 4(f). TSCA required it to take action to prevent or reduce that risk 180 days thereafter – or by September 25, 2023 at the latest – but EPA has still not done so over a year later.[2]

3.      In their summary judgment motion, plaintiffs will present a detailed step-by-step chronology of the information EPA obtained on fluorinated containers starting in late 2020; explain how this growing body of evidence deepened concern about the dangers to health of PFAS formed during fluorination and the breadth of exposure to these PFAS by the U.S. population; and describe EPA's analysis of the information it received and the conclusions it reached about the nature and extent of this threat to health. The motion will also review the language and purposes of section 4(f) and recount how Congress and EPA have interpreted its requirements. On this basis, plaintiffs will demonstrate that the undisputed facts leave no doubt that the section 4(f) risk threshold was met nearly 18 months ago but EPA failed to take the regulatory actions mandated by TSCA within 180 days in response.[3]

---

[2] EPA initially sought to address the risks of the Inhance fluorination process under the significant new use rule ("SNUR") requirements of TSCA section 5(a)(2), maintaining that Inhance was obligated to submit significant new use notices ("SNUNs") for PFOA and other PFAS under a 2020 long-chain PFAS SNUR (40 C.F.R. Part 721, 85 Fed. Reg. 45109, July 27, 2020). Inhance ultimately submitted these SNUNs under protest in December 2022 but did not stop producing PFAS during fluorination. EPA then determined on December 1, 2023 that Inhance's PFAS production presented an "unreasonable risk of injury" under TSCA and issued an order under section 5(f) banning their formation during fluorination. Inhance sought judicial review of the order in the Court of Appeals for the Fifth Circuit. On March 21, 2024, the Court held that EPA lacked authority to regulate fluorination under section 5 of TSCA and vacated the order. *Inhance Technologies, LLC v. US Environmental Protection Agency,* 96 F.4th 888 (5th Cir. 2024). The Fifth Circuit did not question the validity of EPA's findings of unreasonable risk. Because the decision blocked EPA from using TSCA section 5 to address fluorination risks, EPA's obligations under section 4(f) have not yet been carried out. Since section 5 is not available under the Fifth Circuit's interpretation of the law, section 4(f) requires EPA to take action under sections 6 and/or 7.

[3] The motion will ask for a declaration that EPA is in violation of section 4(f) and that its unmet obligations are enforceable under section 20 but ask the Court to require further briefing on the appropriate remedy.

4. Plaintiffs are prepared to file their summary judgment motion on October 18, two and a half weeks from today. Briefing the summary judgment motion and EPA's motion to dismiss concurrently will provide the Court with a broad legal, scientific and historical perspective on Inhance fluorination issues and enable it to make a more informed determination of the questions raised by this case. Concurrent briefing will also avoid an extended delay in affording protection against a serious threat to public that is not now being addressed. Other than avoiding the legal time and effort required to respond to plaintiffs' summary judgment motion and Inhance's motion to intervene, EPA has not pointed to any benefit from staying this case.

5. Plaintiffs also intend to respond to EPA's motion to dismiss on October 11, as required by the Court's rules, and are not seeking an extension. They will show that EPA is conflating two provisions of TSCA – sections 4(f) and 21 – which differ markedly in their wording and objectives. They will also show that EPA's bare-bones actions under section 21 are inadequate to satisfy its obligations under section 4(f) because they are devoid of any determination of the health risks of fluorinated containers, do not commit to initiating rulemaking or otherwise preventing or reducing these risks under TSCA sections 6 and 7, and seek submission of information that EPA already possesses from its four-year investigation of Inhance. Unfortunately, EPA's current equivocations and half measures are another troubling chapter in a long history of evading meaningful action against the fluorination health threat.[4]

---

[4] In December 2022, plaintiffs filed suit in this Court to enforce the 2020 SNUR against Inhance under section 20 of TSCA. Anticipating this suit, EPA filed its own enforcement action in the Eastern District of Pennsylvania seven days earlier and then sought dismissal of plaintiffs' suit on the basis of its "diligent prosecution" of its own case. *United States v. Inhance Techs. LLC,* No. 22-5055 (E.D. Pa. Dec. 19, 2022). This Court dismissed plaintiffs' suit without prejudice, leaving the door open to refiling if the Government did not diligently pursue its case. *Center For Environmental Health v Inhance Technologies*, No. 22-3819 (JEB) (D.D.C. April 6, 2023), 2023 WL 2808710. Unfortunately, that is exactly what happened. While plaintiffs intervened in the Eastern District of Pennsylvania case and tried to obtain summary judgment and an injunction, the Government did not join in these efforts. Instead, it filed but withdrew a limited summary judgment motion on liability, sought repeated delays in the case, declined to seek Third Circuit consideration of the Fifth Circuit's unfavorable interpretation of TSCA, and ultimately filed a notice of voluntary dismissal two years after the case was brought.

Accordingly, the Court should deny the EPA stay motion and order a briefing schedule for EPA's motion to dismiss, plaintiffs' impending summary judgment motion and Inhance's motion to intervene. A proposed order is attached.

October 1, 2024

        Respectfully submitted,

        */s/ Robert M. Sussman*
        Robert M. Sussman
        SUSSMAN & ASSOCIATES
        DC BAR NO. 226746
        3101 Garfield Street, NW
        Washington, DC 20008
        (202) 716-0118
        bobsussman1@comcast.net

        *Attorneys for Plaintiff Center for Environmental Health*

        */s/ Paula Dinerstein* Paula Dinerstein
        General Counsel
        PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY
        DC BAR NO. 333971
        962 Wayne Avenue, Suite 610
        Silver Spring, MD 20910
        202-265-7337
        pdinerstein@peer.org

        */s/ Colleen E. Teubner*
        Colleen E. Teubner
        DC Bar No. 90003410
        Staff Attorney
        Public Employees for Environmental Responsibility
        962 Wayne Ave, Suite 610
        Silver Spring, MD 20910
        cteubner@peer.org
        (202) 464-2293

        *Attorneys for Plaintiff Public Employees for Environmental Responsibility*