UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 1:24-cv-2194 <br><br> Hon. James E. Boasberg |

**REPLY IN SUPPORT OF MOTION TO STAY
PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to this Court's Minute Order of October 1, 2024, Defendants the United States Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator thereof (collectively "EPA") hereby respond to Plaintiffs' opposition (ECF No. 16) ("Opposition") to their Motion to Stay Pending Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 15) ("Motion to Stay").

In their Opposition, Plaintiffs do not actually address the merits of EPA's Motion to Stay—which should be viewed as conceded.  Instead, Plaintiffs cross move for leave to file a premature motion for summary judgment that the Court lacks jurisdiction to decide, and they ask that their summary judgment motion be fully briefed and decided concurrently with the EPA's Motion to Dismiss.  For several reasons, EPA's Motion to Stay should be granted and Plaintiffs' cross-motion should be denied.

First, it is well established that the federal courts must determine as a threshold matter whether they have subject matter jurisdiction over the claims before them.  If they lack such jurisdiction, they must dismiss the case without deciding any other aspects of it, including the merits of any of the claims before them.  Fed. R. Civ. P. 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)) (other internal citations omitted)); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Cierco v. Mnuchin*, 857 F.3d 407, 414 (D.C. Cir. 2017); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645 (D.C. Cir. 2011); *Izaak Walton League*, 400 F. Supp.2d at 41 (dismissing Clean Air Act citizen suit as moot following EPA's performance of duty sued upon); *D.C. ex rel. Castro v. Fid. & Deposit Co. of Md.*, 4 F. Supp.3d 19, 21 (D.D.C. 2013) (JEB) (district courts are "in no position to address" merits arguments "until jurisdiction exists.").  The Court therefore cannot entertain a summary judgment motion until after it decides EPA's motion to dismiss.

Second, at this stage of the case, a motion for summary judgment would be premature and could not be properly briefed.  The parties disagree about many of the factual and legal allegations, and the conclusions that Plaintiffs draw from them, in the Complaint.  But EPA will not answer the Complaint unless it does not prevail on its Motion to Dismiss, Fed. R. Civ. P. 12(a)(4), and Plaintiffs therefore cannot identify which allegations and issues are (and are not) in contention, much less cogently brief them.

Third, Plaintiffs propose to move for summary judgment a week *after* they substantively respond to EPA's Motion to Dismiss. ECF No. 16, at 5.  Summary judgment briefing therefore would be extraneous to the Motion to Dismiss, to the extent it is not duplicative or simply a means of evading the time and page limits on motion briefing in LCvR 7(b) and (e).

For all of these reasons, allowing summary judgment briefing prior to the resolution of EPA's Motion to Dismiss would consume significant amounts of the parties' time and resources without conferring any benefit on the Court or the parties. Plaintiffs' cross-motion therefore should be denied.[1]

Plaintiffs' unsupported request that EPA also respond to Inhance Technologies, LLC's ("Inhance") intervention motion makes no sense and should be denied. ECF No. 16, at 5. Inhance seeks to intervene on *EPA's* behalf, and the company's purported "pleading" is a motion to dismiss Plaintiffs' Complaint on several grounds, including lack of subject matter jurisdiction. ECF Nos. 11, 11-1.

## CONCLUSION

EPA's Motion to Stay Pending Resolution of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 15) should be granted for all of the reasons explained therein – reasons to which Plaintiff has offered no response. For the reasons discussed above, Plaintiff's cross-motion (ECF No. 16) also should be denied.

---

[1] As EPA explained in its Motion to Dismiss, the Agency fulfilled the alleged obligation on which Plaintiffs based their citizen suit claims by initiating proceedings under TSCA Section 2605, 15 U.S.C. § 2605. *See* ECF No. 14, at 1, 7-8, 10, 11-13; 15 U.S.C. § 2604(f) ("*initiate* applicable action under section 2604, 2605 *or* 2606") (emphasis added). Plaintiffs misread EPA's Motion to the extent they allege that the Agency instead initiated those proceedings under TSCA Section 21, 15 U.S.C. § 2620. ECF No. 16, at 4. While EPA granted an administrative petition that Plaintiffs submitted under Section 2620, the Agency unequivocally stated that the proceedings which mooted this case are being conducted under Section 2605 in both the recent Federal Register notice initiating them and the letter granting Plaintiffs' administrative petition. *See* ECF Nos. 15-1 (letter granting petition), 15-2 (Federal Register notice).

Dated:  October 2, 2024

Respectfully submitted,

  /s/ Heather E. Gange
Heather E. Gange, Senior Attorney
D.C. Bar No. 452615
U.S. Department of Justice
Environment and Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C.  20044
Phone: 202-514-4206
Email:  Heather.Gange@usdoj.gov

4

## CERTIFICATE OF SERVICE

    I hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

        /s/ Heather E. Gange