**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, *et al.,* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:24-cv-2194 |
| v. | ) ) | Hon. James E. Boasberg |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.,* | ) ) ) ) | |
| Defendants. | ) ) | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants the United States Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator (collectively "EPA") respectfully submit this reply in support of their motion to dismiss this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and LCvR 7(d).

**INTRODUCTION**

In this Toxic Substances Control Act ("TSCA") citizen suit under 15 U.S.C. § 2619(a)(2), the substance of any regulatory actions for per- and poly-fluoroalkyl substances (collectively "PFAS") is not at issue. Instead, Plaintiffs' citizen suit claims placed only four discrete issues before this Court: (1) whether the plain language of 15 U.S.C. § 2603(f) requires EPA to take a specified action by a date-certain deadline (*i.e.*, creates a nondiscretionary duty); (2) whether the plain language of 15 U.S.C. § 2606(a)(2) requires EPA to take a specified action by a date-certain

1

deadline;[1] (3) whether EPA failed to fulfill such a requirement imposed by Section 2603(f) or 2606(a)(2); and (4) if so, what the earliest date is by which EPA could fulfill that requirement.

Plaintiffs' first claim is based on an alleged failure to fulfill a requirement imposed by Section 2603(f) to "initiate applicable action under section 2605, 2605 or 2606." While EPA does not concede that the Section 2603(f) requirement is nondiscretionary, the Court need not reach that issue to resolve this case. EPA recently fulfilled any Section 2603(f) obligations it may have by initiating action under section 2605 for certain PFAS (including the ones at issue in this case) that are produced during the fluorination of plastics. More specifically, EPA initiated that action by opening a public docket and publishing a Federal Register notice that seeks public comment and information that the agency requires (but does not yet possess) to fulfill the requirements for Section 2605 actions. The Court therefore could not award Plaintiffs any relief under the first claim in their Complaint even if it were meritorious, rendering that claim moot.

Plaintiffs' second claim is based on an alleged failure to fulfill a requirement imposed by Section 2606(a)(2), however the plain language of that provision does not contain a date-certain deadline, much less require EPA to take action by one. As a matter of law, then, Plaintiffs failed to state a claim that falls within the limited sovereign immunity waiver in Section 2619(a)(2). *See Sierra Club v. Wheeler,* 956 F.3d 612, 616 (D.C. Cir. 2020) (statutory provision that does not impose a date-certain deadline falls outside the limited sovereign immunity waiver in citizen suit

---

[1] The text of the Complaint does not actually plead a claim based upon the plain language of Section 2606(a)(2) itself, however Plaintiffs argue differently in their opposition brief ("Opposition"). *See* Motion to Dismiss, ECF No. 14, at 12-13 & n. 5 (no claim corresponds to the relief requested at page 29, para. (2) of the Complaint). Ordinarily, a plaintiff cannot amend their complaint in response to a motion to dismiss. *See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp.2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation marks omitted)). In the interest of resolving this matter expeditiously, however, EPA has chosen to respond substantively to that argument.

provisions).  Consequently, the Court lacks subject matter jurisdiction to decide either of Plaintiffs'

claims and this case should be dismissed under Fed. R. Civ. P. 12(b)(1).

### STANDARD OF REVIEW

The standard of review described at pages 16-17 of Plaintiffs' Opposition is not applicable

in this factual challenge to the Court's subject matter jurisdiction.  Plaintiffs argue that the Court

is required to assume the truth of all allegations in the Complaint and all inferences that might be

drawn from them, and that the Court must deny EPA's motion simply because those allegations

plead a "colorable claim."  To the contrary, when deciding Fed. R. Civ. P. 12(b)(1) motions like

this one where the defendant "moved beyond assuming the truth of well-pleaded facts and seeks

at the jurisdictional threshold to challenge the factual basis of the court's jurisdiction," the court

cannot "assum[e] the truth of the facts alleged by the plaintiff and disputed by the defendant."

*Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000); *Simon v.*

*Republic of Hungary,* 77 F.4th 1077, 1116 (D.C. Cir. 2023); *Coal. for Underground Expansion v.*

*Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citation omitted).  Instead, the court "must go beyond

the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling

upon the motion to dismiss."  *Phoenix Consulting*, 216 F.3d at 40; *Republic of Hungary,* 77 F.4th

at 1116; *Coal. for Underground Expansion*, 333 F.3d at 198.

### ARGUMENT

### I.    THE COURT COULD NOT AWARD PLAINTIFFS ANY RELIEF FOR THEIR FIRST CLAIM.

Parties state a Section 2619(a)(2) citizen suit claim by: (1) identifying a TSCA provision

that imposes a duty on EPA to take a specific action by a date-certain deadline; and (2) establishing

that EPA has not yet taken that specific action.  *Environmental Defense Fund v. Regan*, Case No.

20-cv-762, 2024 WL 3887383 at *7 (D.D.C. Aug. 20, 2024) (TSCA citizen suit); *Sierra Club v.*

*Thomas,* 828 F.2d at 790-91; *see also Citizens for Constitutional Integrity v. United States,* 70 F.4th 1289, 1297-98 (4th Cir. 2023) (collecting cases).

In their first claim, Plaintiffs point to Section 2603(f) as requiring EPA to "*initiate* applicable action under section 2604, 2605 *or* 2606." (emphasis added).  "The word 'or' is 'almost always disjunctive,' . . . and is generally used 'to indicate . . . an alternative.'" *Campos-Chaves v. Garland,* 144 S. Ct. 1637, 1647 (June 14, 2024) (internal citations omitted).  By its plain language, then, Section 2603(f) is fulfilled when EPA initiates action under one of those three sections that the agency deems applicable given the unique facts and circumstances presented.

EPA in fact fulfilled any obligations it may have under Section 2603(f) no later than September 30, 2024, by initiating action under Section 2605 for certain PFAS formed during the fluorination of plastic products.  EPA did so by publishing a Federal Register notice that requested public comments and information that EPA is required to consider under Section 2605 within 60 days and opening a public docket into which the information and comments could be submitted.  ECF No. 14, at 1-2, 7-8, 11-13.  Plaintiffs' first claim therefore is moot because the Court cannot provide Plaintiffs with the only remedy available for their Section 2619(a)(2) citizen suit claim— a deadline by which EPA must initiate an applicable action under whichever of the three identified TSCA provisions EPA deemed appropriate: Section 2604, 2605 or 2606.  *See Citizens for Constitutional Integrity,* 70 F.4th at 1300 & n.12 (internal citations omitted); *NRDC v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974); *see also Sierra Club v. Johnson,* 444 F. Supp.2d 46, 60 (D.D.C. 2006) ("it is beyond this Court's authority to tell EPA *how* (as opposed to when) it must fulfill its duties") (emphasis in original) (quoting *Sierra Club v. Browner,* 130 F. Supp. 2d 78, 90 (D.D.C. 2001)); *Izaak Walton League of Am. v. Johnson*, 400 F. Supp.2d 38, 41-42 (D.D.C. 2005) (internal citations omitted).

4

A.  **EPA Already Fulfilled Any Obligation under Section 2303(f) by Initiating Section 2605 Proceedings.**

1.  **EPA Granted Plaintiffs' Petition Seeking Action Under Section 2605 in July 2024.**

EPA indicated that it would promptly initiate future Section 2605 proceedings in its July 11, 2024, letter granting an administrative petition submitted by Plaintiffs and others ("Petition Letter").  ECF 14-1, at 1, 4.  The Petition Letter also stated that:

> *As part of that proceeding*, the EPA intends to request information, including the number, location, and uses of fluorinated containers in the United States; alternatives to the fluorination process that generates PFOA, PFNA, and PFDA; and measures to address risk from PFOA, PFNA, and PFDA formed during the fluorination of plastic containers.

*Id.* (emphasis added).

EPA knew that it must obtain such information, which it does not currently possess, as the first step in those future Section 2605 proceedings.  Congress imposed unique procedural and substantive requirements for Section 2605 actions—including that, in order to propose a Section 2605 rule, EPA must first prepare and consider a Statement of Effects.  *See* 15 U.S.C. § 2605(a), (c)(2)(A)-(C).  A Statement of Effects must evaluate, among other things, the Section 2605 rule's economic consequences, including "the likely effect of the rule on the national economy, small business, technological innovation, the environment and public health," and the costs and benefits (as well as the cost effectiveness) of the proposed and final regulatory action and one or more primary alternative regulatory actions considered.  *Id.* § 2605(c)(2)(A)(iv); *see id.* § 2605(a)(2)(A)-(C).

Contrary to Plaintiffs' assertions, EPA could not fulfill those Section *2605* requirements, including the preparation of a Statement of Effects, based solely on information and findings in the administrative records for the vacated TSCA Section *2604* orders issued to Inhance and the

2020 TSCA new use rule for PFAS ("2020 Significant New Use Rule").  Opposition, at 16, 23-24.  Those actions were taken under Section 2604, which has different procedural and substantive requirements than Section 2605.  For example, orders issued under Section 2604, such as those issued to Inhance, are specific to the company to which the orders are issued, whereas Section 2605 rules may be, and often are, broader.  Additionally, as discussed above, EPA is required to consider, to the extent practicable, factors such as the impacts of its Section 2605 actions on human health, the environment, and the economy more broadly, *see* 15 U.S.C. §§ 2605(c)(2)*,* whereas Section 2604 prohibits consideration of such factors.  *See, e.g., id.* § 2604(e)(1)(A).

## 2.   EPA Initiated Section 2605 Proceedings in September 2024.

EPA initiated Section 2605 proceedings by publishing a notice in the Federal Register to obtain the information described in the Petition Letter and public comments within 60 days, and by opening a publicly accessible online docket into which that information and public comments could be submitted. "Certain Per- and Polyfluoroalkyl Substances (PFAS) Risk Management Under the Toxic Substances Control Act (TSCA); Request for Comment," 89 Fed. Reg. 79,581, 79,582 (Sept. 30, 2024) ("EPA has identified information necessary to inform the Agency's path forward with respect to regulation of these PFAS formed during the fluorination of plastic containers under TSCA section [2605] and *is issuing this notice to collect such information*") (emphasis added).

The Federal Register notice specified Section 2605 as the source of EPA's authority to seek that information, because when "proposing and promulgating rules under TSCA section [2605(a)]" the Agency considers "among other things, the provisions of TSCA sections [2605(c)(2), (d), (g), and 2608]." *Id.* at 79,582, Sec. I.B; *see* 15 U.S.C. §§ 2605(c)(2) (Statement of Effects and other requirements), (d) (effective date), (g) (exemptions), 2608 (relationship to

other laws).  Moreover, consistent with the requirements for Section 2605 actions (*see supra*, at 5-6), the notice seeks information and comments from "the public in general and . . . those involved in the manufacture, processing, distribution, use, and disposal of PFAS, including PFOA, PFNA, and PFDA, formed during the fluorination of plastic containers, related industry trade organizations, non-governmental organizations with an interest in human and environmental health, state and local governments, Tribal Nations, and/or those interested in the assessment or management of risks involving chemical substances and mixtures regulated under TSCA."  89 Fed. Reg. at 79,582, Sec. I.A.

For all of these reasons, the Federal Register notice requesting information and public comment properly initiated the Section 2605 proceedings for certain PFAS formed during the fluorination of plastics, including the PFAS at issue in this case.  Plaintiffs' contrary arguments— essentially that the Court should discredit the information request and public comment process initiated by the Federal Register notice and proceed as if EPA has not taken any action at all—lack merit.  Ultimately, they boil down to frustration that the notice did not predetermine that EPA's action would contain the precise substantive terms (*e.g.*, an immediately-effective complete ban), and be completed within the time frame, that Plaintiffs advocated for in their administrative petition.[2]  Opposition, at 2-3, 19-20, 23-24 & n.10.  Plaintiffs also ask the Court to presume that EPA will not take timely or appropriate action under Section 2605 unless the Court tells EPA exactly what to do —*i.e.*, orders that a rule must be proposed immediately, become effective immediately upon proposal, and prohibit the formation of PFOA (a type of PFAS) during the plastic fluorination.  *Id.* at 24-25; *see also* ECF No. 1, at ¶¶ 21, 121-22, 133 & p. 29 paras. (2)-(4).

_____

[2]  EPA notes that the legislative history discussed at pages 20-21 of Plaintiffs' Opposition pertains to language that subsequently was removed from Section 2603(f).

But agencies are presumed to act appropriately, and neither Plaintiffs nor the Court have any principled basis to conclude that EPA will do otherwise after following the process and fulfilling the requirements that Congress mandated in Section 2605.  For the reasons discussed above, EPA could not do so if it had to propose one immediately. *See supra,* at 6-7.  EPA also cannot predetermine the outcome of public notice and comment proceedings without rendering them a sham, and the Court could not properly do so either.  15 U.S.C. § 2605(c)(3).  All of Plaintiffs' assertions that the information request and public comment processes initiated by the Federal Register notice should be discounted as the initiation of Section 2605 proceedings therefore lack merit and should be rejected.

**B.  EPA Is Not Proceeding under 15 U.S.C. § 2620.**

Plaintiffs are mistaken to the extent they argue that EPA is still proceeding under Section 2620, or that the July 2024 Petition Letter that granted Plaintiffs' administrative petition has somehow compromised EPA's subsequent Section 2605 proceedings.  The Petition Letter did not initiate EPA's ongoing Section 2605 proceedings, and EPA has never claimed otherwise.  Instead, the Petition Letter concluded EPA's proceedings under Section 2620 with respect to certain PFAS formed during the fluorination of plastics, including those PFAS at issue in this case.  ECF No. 14-1, at 2 ("This letter is to advise you that EPA grants the petition.").  Once EPA grants such a petition, the Section 2620 proceedings are concluded and the agency is required to "promptly commence an appropriate proceeding in accordance with section 2603, 2604, 2605 or 2607 of [TSCA]." 15 U.S.C. § 2620(b)(3). In this particular case, the Petition Letter informed Plaintiffs that, "The agency will promptly commence an appropriate proceeding under TSCA Section [2605] associated with the formation of PFOA, PFNA, and PFDA during the fluorination of plastic containers."  ECF No. 14-1, at 4.

The document granting a Section 2620 administrative petition may explain the basis for the agency's decision with respect to that petition; it does not initiate or circumscribe the future "appropriate proceedings" that EPA must promptly commence.  Even if it desired to, EPA could not use such a document to circumvent the statutory requirement that the agency conduct an *appropriate* future proceeding or predetermine its duration and substantive outcome.  Plaintiffs therefore are mistaken to the extent they argue that EPA is proceeding today under Section 2620, that EPA's ongoing Section 2605 proceedings are somehow constrained by the Petition Letter, and that EPA was required to predetermine the time frame and substantive outcome of those Section 2605 proceedings in the Petition Letter.  Opposition, at 2-3, 19-20, 22-23.

\* \* \*

For all of the foregoing reasons, EPA has initiated action under Section 2605 for PFAS (including PFOA) generated during the fluorination of plastic containers.  EPA therefore fulfilled any obligations imposed by Section 2603(f), regardless of whether that provision imposes a nondiscretionary duty.  Because a deadline for fulfilling a nondiscretionary duty is the only remedy available in citizen suits like this one, the Court cannot award Plaintiffs any relief under their first claim.  Consequently, Plaintiffs' first claim is moot and should be dismissed because the Court lacks subject matter jurisdiction over it.

## II.  PLAINTIFFS' SECOND CLAIM FALLS OUTSIDE THE LIMITED SOVEREIGN IMMUNITY WAIVER IN 15 U.S.C. § 2619(a)(2).

TSCA Section 2619(a)(2), the citizen suit provision under which Plaintiffs bring their second claim, provides a narrow waiver of the United States' sovereign immunity where EPA has failed to "perform an act or duty . . . which is not discretionary."  15 U.S.C. § 2619(a)(2).  Therefore, suit is authorized only where TSCA "categorically mandat[es]" that EPA perform a "clear-cut nondiscretionary duty" by a "date-certain deadline" that is expressly stated in the Act,

or is "readily-ascertainable by reference to some other fixed date or event." *Sierra Club v. Thomas*, 828 F.2d at 790-91; 3887383 at *7 (TSCA citizen suit).  Where no such deadline is mandated, an agency retains discretion with respect to the timing of its action, and Plaintiffs must seek relief through an unreasonable delay suit under the Administrative Procedure Act, not a nondiscretionary duty suit under Section 2619(a)(2). *See Envtl. Integrity Project*, 160 F. Supp. 3d at 53; *Nat'l Res. Def. Council v. Thomas*, 885 F.2d 1061, 1075 (2d Cir. 1989).

These requirements are rooted in the basic principle that a court is not "empowered to enter general orders compelling compliance with broad statutory mandates," and is instead limited to compelling "discrete" actions that an agency "is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 66 (2004). The Court's role is limited to "mak[ing] a clear-cut factual determination" of whether the Agency did or did not comply with a discrete statutory duty. *Sierra Club v. Thomas*, 828 F.2d at 791 (internal quotation marks and citation omitted). This limitation is necessary to "protect agencies from undue judicial interference with their lawful discretion, and . . . avoid judicial entanglement in abstract policy disagreements . . . ." *Norton*, 542 U.S. at 66.

While the allegations in the Complaint concerning Plaintiffs' second claim are difficult to follow, they are best read as arguing that EPA must immediately initiate an enforcement action under Section 2606(a)(2)—in addition to issuing a proposed rule under Section 2605—in order to fulfill obligations imposed by Section 2603(f).  Motion to Dismiss, ECF No. 14, at 12-13 & n.5. EPA therefore moved to dismiss that second claim as moot, because EPA already had initiated action under Section 2605 and the plain language of Section 2603(f) requires the agency to initiate action under just one of the following three sections: 2604, 2605 *or* 2606.  15 U.S.C. § 2603(f); ECF 14, at 12-13 & n.5.

Plaintiffs now argue in their Opposition that they intended to base their second claim on an unfulfilled nondiscretionary duty imposed by Section 2606(a)(2) itself, rather than one imposed by Section 2603(f).  This is at best a strained reading of the Complaint, and fails for the reason that EPA, anticipating this argument, already noted in its opening brief: the plain language of Section 2606(a)(2) does not impose the kind of nondiscretionary duty that can support a citizen suit claim, because it does not establish an express or readily ascertainable date-certain deadline by which EPA must take a discrete action.  ECF No. 14, at 12-13 n.5; *see Environmental Defense Fund* 2024 WL 3887383 at *7, *8-9 (TSCA case) (quoting *Sierra Club v. Thomas,* 828 F.2d 783, 790-91 (D.C. Cir. 1987)).

Instead, Section 2606(a)(2) provides that if EPA proposes a section 2605(a) rule for an imminently hazardous chemical substance, but does not make that rule immediately effective,[3] EPA "shall commence in a district court . . . a civil action." 15 U.S.C. § 2606(a)(2).  EPA acknowledges that this language requires the agency to commence a district court action at some unspecified time *if* the agency exercises its discretion to propose a Section 2605(a) rule for an imminently hazardous chemical substance or mixture without making it immediately effective. But by definition, one cannot be sure whether EPA will choose to make a proposed rule immediately effective until it is published—something that has not yet occurred here.  And even once EPA has published a rule, Section 2606(a)(2) simply does not contain any explicit or readily-

_____

[3] Under Section 2605(d)(3)(A)(i), if EPA makes several determinations—which have not been made for PFAS generated during the fluorination of plastic containers—the agency may choose to make a proposed Section 2605(a) rule effective between the time the proposed rule is published in the Federal Register and the compliance deadlines established in the final rule.  15 U.S.C. § 2605(d)(3)(A)(i).

ascertainable date-certain deadline for commencing a district court action if EPA does not make that rule immediately effective.[4]

Even if EPA had already proposed a rule under Section 2605, there would be no credible basis for Plaintiffs' arguments that the Court should essentially revise Section 2606(a)(2) to add *any* deadline—much less the "immediately" deadline Plaintiffs advocate for—based on such "guideposts" as the 180-day deadline from Section 2603(f) or the 10-day waiting period for asserting citizen suit claims in Section 2619(b)(2).  Opposition, at 28-29; *Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019) ("Atextual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision.")   Instead, it is well established that:

> It is not a judge's job to add to or otherwise re-mold statutory text to try to meet a statute's perceived policy objectives. Instead, we must apply the statute as written.

*Fourstar v. Garden City Group, Inc.,* 875 F.3d 1147, 1152 (D.C. Cir. 2017) (citing *Milner v. Dep't of the Navy*, 562 U.S. 562 (2011)); *see also EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015) ("add[ing] words to the law to produce what is thought to be a desirable result . . . is Congress' province"); *Nichols v. United States*, 578 U.S. 104, 110 (2016).  And it would be particularly inappropriate for the Court to insert a deadline into Section 2606(a)(2) if the addition of one would have the effect of granting the Court subject matter jurisdiction that it does not otherwise possess over Plaintiffs' second claim.

---

[4] EPA acknowledges, however, that Plaintiffs may bring a claim under the Administrative Procedure Act at some future date if they believe that the Section 2605 proceedings have become unreasonably delayed.

For all of these reasons, Plaintiffs' second claim does not fall within the narrow sovereign immunity waiver in Section 2619(a)(2), and the Court therefore should dismiss it for lack of subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, and for the reasons discussed in EPA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 14), both of Plaintiffs' claims against EPA should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1).

<div style="margin-left:50%">

Respectfully submitted,

U.S. Department of Justice
Environment and Natural Resources Div.

</div>

Dated:  October 24, 2024            _____/s/ Heather E. Gange___
                                                          HEATHER E. GANGE, Senior Attorney
                                                          D.C. Bar No. 452615
     Environmental Defense Section
     P.O. Box 7611
     Washington, DC 20044-7611
     (202) 514-4206
     Heather.Gange@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Heather E. Gange, certify that on this 24th day of October 2024, the foregoing was

filed through the court's ECF system, which provided electronic notice to counsel for all parties

of record as more fully described in the notice of filing.

<div style="text-align:center;">

_/s/ Heather E. Gange_
Heather E. Gange, Senior Attorney
D.C. Bar No. 452615
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-4206
Fax: (202) 514-8865
Heather.Gange@usdoj.gov

</div>