UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 1:24-cv-2194 |
| v. | ) ) Hon. James E. Boasberg |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

Defendants the United States Environmental Protection Agency and Michael S. Regan in his official capacity as Administrator (collectively "EPA") respectfully submit this brief opposing Inhance Technologies, LLC's ("Inhance") motion to intervene in this case ("Motion to Intervene") (ECF No. 11).

**INTRODUCTION**

Inhance's Motion to Intervene should be denied, both because the company lacks Article III standing and because it cannot fulfill the requirements for permissive intervention or intervention as of right under Fed. R. Civ. P. 24. Inhance's standing and intervention arguments are based on the false premise that this Court could dictate the substantive terms of future EPA actions through this Toxic Substances Control Act ("TSCA") Section 20(a)(2), 15 U.S.C. § 2619(a)(2), citizen suit. More specifically, Inhance is concerned that the Court might order EPA to immediately take action to ban its generation of certain per- and poly-fluoroalkyl substances ("PFAS") during plastic fluorination through a proposed TSCA rule under 15 U.S.C. § 2605 and an enforcement action under 15 U.S.C. § 2606(a)(2). But it is well established that district courts

1

cannot grant such relief in citizen suits like this one. Instead, courts may only establish deadlines for EPA to fulfill mandatory duties imposed by TSCA provisions that leave EPA no discretion to avoid or postpone performance beyond an already-expired, date-certain deadline. *Sierra Club v. Johnson*, 444 F. Supp.2d 46, 60 (D.D.C. 2006) (quoting *Sierra Club v. Browner,* 130 F. Supp.2d 78, 90 (D.D.C. 2001)). Such deadlines also are established based on factors and information uniquely within EPA's knowledge and control. *Sierra Club v. Johnson*, 444 F. Supp.2d at 53.

Consequently, *EPA* has legally protectible interests in this TSCA citizen suit, but Inhance does not. Inhance therefore lacks Article III standing, and for this reason alone its motion should be denied. Inhance also has not attempted to assert a claim or defense in this case, and its proposed motion to dismiss would only delay the resolution of this case because that motion is based almost entirely on issues and arguments that are not properly before the Court (*e.g.,* hypothetical terms in future actions that EPA may (or may not) take, Plaintiffs' alleged bad behavior in past lawsuits, and PFAS regulation in general). Therefore, even if Inhance had Article III standing, the company does not fulfill the requirements for permissive intervention or intervention as of right under Fed. R. Civ. P. 24 and its motion should be denied.

## LEGAL BACKGROUND

### I. PERMISSIVE INTERVENTION AND INTERVENTION AS OF RIGHT

It is well established that intervenors—permissive or as of right—must have Article III standing. To establish standing, a party must demonstrate that: (1) they suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was caused by the defendant; and (3) it would be redressed by judicial relief. *TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)); *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015) (the standing

inquiry for an intervening-defendant is the same as for a plaintiff) (citing *Deutsche Bank Nat'l Trust v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013)). These requirements ensure that the federal judiciary resolves only actual cases and controversies, and does not issue advisory opinions or adjudicate hypothetical or abstract disputes. *Id.* at 423-24 (internal citations omitted).

Those seeking to intervene as of right must fulfill four criteria: (1) their motion must be timely; (2) they must have an interest relating to the property or transaction which is the subject of the action; (3) disposition of the case may, as a practical matter, impair or impede their ability to protect that interest; and (4) their interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal citations and quotation marks omitted); *Ctr. for Food Safety v. EPA*, Case No. 23-cv-1633, 2024 WL 1299338 *2 (D.D.C. Mar. 23, 2024). A legally protectable interest is one that is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Ctr. for Food Safety*, 2024 WL 1299338 at *7 (citing *United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1291–92 (D.C. Cir. 1980)).

Those seeking permissive intervention must either: (1) identify a conditional right to intervene under a federal statute, or (2) have a claim or defense that shares "a common issue of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1). When deciding a motion for permissive intervention, the courts also must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II. TSCA CITIZEN SUITS

TSCA section 20(a)(2), 15 U.S.C. § 2619(a)(2), authorizes persons to bring suit in the federal district courts "against [EPA] to compel [EPA] to perform any act or duty under [TSCA] which is not discretionary." *See Environmental Defense Fund v. Regan,* Case No. 20-cv-762,

2024 WL 3887383 *7 (D.D.C. Aug. 20, 2024) (quoting *Sierra Club v. Thomas*, 828 F.2d 783, 790-91 (D.C. Cir. 1987)). Such suits may only be brought where another TSCA provision expressly requires EPA to take specified action by a date-certain deadline, effectively leaving the Agency with no discretion. *Environmental Defense Fund,* 2024 WL 3887383 at *7 (TSCA citizen suit); *Sierra Club v. Thomas,* 828 F.2d at 790-91; *see also Citizens for Constitutional Integrity v. United States,* 70 F.4th 1289, 1297-98 (4th Cir. 2023) (collecting cases). In such cases, the district courts are empowered only to establish an enforceable deadline for EPA to take the statutorily required action. *See Citizens for Constitutional Integrity,* 70 F.4th at 1300 & n.12 (internal citations omitted); *NRDC v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974); *see also Sierra Club v. Johnson,* 444 F. Supp.2d 46, 60 (D.D.C. 2006) ("it is beyond this Court's authority to tell EPA *how* (as opposed to when) it must fulfill its duties") (emphasis in original) (quoting *Sierra Club v. Browner,* 130 F. Supp. 2d 78, 90 (D.D.C. 2001)); *Izaak Walton League of Am. v. Johnson*, 400 F. Supp.2d 38, 41-42 (D.D.C. 2005) (internal citations omitted).

These requirements are rooted in the basic principle that a court is not "empowered to enter general orders compelling compliance with broad statutory mandates," and is instead limited to compelling "discrete" actions that an agency "is required to take." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 66 (2004). The Court's role is limited to "mak[ing] a clear-cut factual determination" of whether the Agency did or did not comply with a discrete statutory duty. *Sierra Club v. Thomas*, 828 F.2d at 791 (internal quotation marks and citation omitted). This limitation is necessary to "protect agencies from undue judicial interference with their lawful discretion, and . . . avoid judicial entanglement in abstract policy disagreements . . . ." *Norton*, 542 U.S. at 66.

4

# **ARGUMENT**

I. **INHANCE DOES NOT HAVE ARTICLE III STANDING IN THIS TSCA CITIZEN SUIT.**

    A. **The Court's Decision in This Case Will Not Directly Affect Inhance's Business.**

Inhance moved to intervene in this 15 U.S.C. § 2619(a)(2) citizen suit based on the false premise that the Court could award relief that "poses a direct threat to Inhance's ability to do business." ECF 11-1, at 1. Inhance creates per- and poly-fluoroalkyl substances ("PFAS") when it fluorinates plastic containers, *id.* at 1-2, and Plaintiffs seek an order requiring EPA to immediately take action to prohibit the generation of certain PFAS through a proposed rule under 15 U.S.C. § 2605, and through an enforcement action under 15 U.S.C. § 2606(a)(2).

Inhance's fears are misplaced. In citizen suits like this one, the only relief that the district courts can award is a deadline by which EPA must fulfill an overdue, mandatory duty imposed by a TSCA provision that contains a date-certain performance deadline. *Environmental Defense Fund,* 2024 WL 3887383 at *7 (TSCA citizen suit); *Sierra Club v. Thomas,* 828 F.2d at 790-91. It is well established that the courts cannot "address the content of EPA's conduct, issue substantive determinations of [their] own, or grant other forms of declaratory relief." *Sierra Club v. Browner,* 130 F. Supp.2d at 90; *Sierra Club v. Johnson,* 444 F. Supp.2d at 60; *N.Y. Public Interest Group, Inc. v. Whitman,* 214 F. Supp.2d 1, 3-4 (D.D.C. 2002). Even if Plaintiffs were to prevail, the Court could not order EPA to take any particular substantive position in a future action (*e.g.,* banning or otherwise limiting PFAS generation during plastic fluorination). Plaintiffs even acknowledge this in their opposition to EPA's motion to dismiss this case. *See* ECF No. 24, at 26. Still less could the Court specify the relief that the agency must seek in an enforcement action. Only a subsequent

5

EPA action would determine whether Inhance's business is affected, and if so how and to what extent. The Court's decision in this case therefore will not directly affect Inhance's business.

### B. Inhance Cannot Satisfy Any of the Requirements for Article III Standing in This Section 2619(a)(2) TSCA Citizen Suit.

Inhance cannot satisfy any of the requirements for Article III standing in this Section 2619(a)(2) TSCA citizen suit: (1) the company suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury was caused by the defendant; and (3) it would be redressed by judicial relief. *Supra*, at 2-3. Inhance has not suffered any past injury that is at issue in this case, and the company will not be injured in the future as a result of any decision that the Court might reach. Indeed, as already discussed the Court lacks jurisdiction to do what Inhance fears—order that future EPA actions under Sections 2605 and 2606(a)(2) must prohibit or otherwise limit PFAS generation during the plastic fluorination process.

Instead, if EPA is found liable in this case, it will be because the Court construed the plain language of 15 U.S.C. §§ 2603(f) or 2606(a)(2) to impose a duty on EPA to take a specific type of action by a date-certain deadline. No one is "injured" when a court construes the plain language of a federal statute, even if they disagree with the construction. And no one is "injured" by a citizen suit order that establishes an enforceable deadline for EPA action without specifying the substance of that action. In this case, only future EPA action could affect Inhance's business in a manner that the company might (or might not) find unfavorable, and the Court does not have jurisdiction to speak to that issue in a decision resolving this case. Consequently, Inhance lacks Article III standing, and its motion should be denied on this ground alone.

## C.  INHANCE CANNOT SATISFY THE CRITERIA FOR INTERVENTION AS OF RIGHT OR PERMISSIVE INTERVENTION.

### A. Inhance Cannot Satisfy the Criteria for Intervention as of Right.

For the same reasons Inhance lacks Article III standing, the company also cannot satisfy three of the four requirements for intervention as of right. *See supra,* at 3. While Inhance's Motion to Intervene was timely filed, the company does not have an "interest relating to the . . . subject of the action." Such interests must be "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Ctr. for Food Safety*, 2024 WL 1299338 at *7 (citing *United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1291–92 (D.C. Cir. 1980)). In contrast, TSCA citizen suits are narrowly cabined, and a resulting judgment is limited to determining whether statutory provisions impose nondiscretionary duties on EPA, and if so, how soon it is possible for EPA to take action to fulfill them.

EPA clearly stands to gain or lose by the direct operation of such a judgment in this case, but Inhance only stands to gain or lose based on the outcome of EPA's future action—which the Court lacks jurisdiction to address in this case. EPA also is staunchly defending its interests in this case, most recently by moving to dismiss both of Plaintiffs' claims for lack of subject matter jurisdiction. *See* ECF Nos. 14, 26. To the extent Inhance's misplaced concerns overlap with those interests, EPA is staunchly defending them as well.

### B. Inhance Also Cannot Satisfy the Criteria for Permissive Intervention.

Inhance also cannot satisfy the requirements for permissive intervention: (1) a conditional right to intervene under a federal statute; or (2) a claim or defense that shares "a common issue of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1). Inhance has no conditional statutory right to intervene in this case under a federal statute. The company also is not attempting to assert any claim or defense in this action, much less one that shares "a common issue of law or fact" with

7

the main action. Fed. R. Civ. P. 24(b)(1). Inhance did not attach a pleading to its Motion to Intervene as required by Fed. R. Civ. P. 24(c), despite the fact that, unlike *amici*, intervenors seek to participate in a case on an equal footing with the other litigants. Fed. R. Civ. P. 24(c) ("The motion must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

That is not surprising, however, because Inhance's concerns and interests are not consistent with those of a plaintiff or a defendant in a TSCA citizen suit. Such plaintiffs seek orders imposing the earliest possible performance deadline for EPA, which Inhance clearly does not want in this case. As a defendant, EPA's liability is based on statutory construction, and a resulting deadline is based on information about the agency's resources and competing obligations that is uniquely within the agency's knowledge and control. The extrinsic evidence and equitable concerns advanced by Inhance are not relevant to either of these issues.

Moreover, Inhance's participation would only delay the resolution of this case. Fed. R. Civ. P. 24(b)(3). Inhance does not propose to litigate a claim or defense if it is allowed to intervene; the company only seeks to move to dismiss Plaintiffs' claims. But EPA's pending motion to dismiss for lack of subject matter jurisdiction is fully briefed and ready for decision (ECF Nos. 14, 24, 26). In addition, many of Inhance's dismissal arguments are based on issues and concerns that are not properly before the Court—*i.e.*, alleged consequences of an order (that the Court cannot issue in this case) requiring EPA to immediately prohibit PFAS generated during plastic fluorination (ECF No. 11-4, at 1, 8, 10-15, 16-17); past TSCA actions and litigation that are not at issue (*id.* at 1, 2-3, 12, 14); collateral FOIA litigation whose outcome would not affect this case (*id.* at 1, 3); and the Administrative Procedure Act which is not relevant to the claims asserted in this case (*id.* at 15-16). EPA nonetheless would have to respond to ensure that they are not deemed

conceded. Consequently, Inhance's intervention and resulting motion to dismiss would only needlessly consume weeks of the Parties' time and resources, including those of the EPA personnel conducting the Section 2605 proceedings which Plaintiffs sued to expedite.

* * *

Inhance cannot satisfy the criteria for intervention as of right or for permissive intervention. Therefore, even if Inhance had Article III standing (which it does not), the company's Motion to Intervene should be denied.

## CONCLUSION

For all of the foregoing reasons, Inhance's Motion to Intervene (ECF No. 11) should be denied.

Respectfully submitted,

U.S. Department of Justice
Environment and Natural Resources Div.

Dated: October 30, 2024

/s/ Heather E. Gange
HEATHER E. GANGE
D.C. Bar No. 452615
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-4206
Heather.Gange@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Heather E. Gange, certify that on this 30th day of October 2024, the foregoing was filed through the court's ECF system, which provided electronic notice to counsel for all parties of record as more fully described in the notice of filing.

      /s/ Heather E. Gange
      Heather E. Gange
      D.C. Bar No. 452615
      Environmental Defense Section
      P.O. Box 7611
      Washington, DC 20044
      Tel: (202) 514-4206
      Fax: (202) 514-8865
      Heather.Gange@usdoj.gov