IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY and CENTER FOR ENVIRONMENTAL HEALTH,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL REGAN, as Administrator of the Environmental Protection Agency, and ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*. | Civil Action No. 1:24-cv-2194 (JEB) |

## REPLY IN SUPPORT OF
## INHANCE TECHNOLOGIES LLC'S MOTION TO INTERVENE

J. Tom Boer (D.C. Bar. No. 469585)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Tel: (415) 274-2300
tom.boer@hoganlovells.com

Susan M. Cook (D.C. Bar No. 462978)
Catherine E. Stetson (D.C. Bar No. 453221)
Adam M. Kushner (D.C. Bar No. 426344)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Tel:  (202) 637-5600
cate.stetson@hoganlovells.com

Dated:  November 8, 2024

*Counsel for Inhance Technologies LLC*

## **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS .................................................................................................................I

INTRODUCTION ...........................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.    INHANCE SATISFIES THE CRITERIA FOR INTERVENTION
        AS OF RIGHT ......................................................................................................2

    II.   INHANCE HAS STANDING ................................................................................5

    III.  INHANCE SATISFIES THE CRITERIA FOR PERMISSIVE
         INTERVENTION. ................................................................................................6

CONCLUSION ...............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES:**

*Center for Biological Diversity v. United States Dep't of the Interior*,
    640 F. Supp. 3d 59 (D.D.C. 2022)..................................................................................4

*\*Crossroads Grassroots Pol'y Strategies v. Federal Election Comm'n*,
    788 F.3d 312 (D.C. Cir. 2015)...................................................................................2, 4

*\*Fund for Animals, Inc. v. Norton*,
    322 F.3d 728 (D. Cir. 2003) .....................................................................................3, 4

*In re Yelverton*,
    No. 09-00414, 2014 WL 4344734 (Bankr. D.D.C. Sept. 2, 2014).........................6

*Inhance Techs., L.L.C. v. EPA*,
    96 F.4th 888 (5th Cir. 2024) .........................................................................................5

*Karsner v. Lothian*,
    532 F.3d 876 (D.C. Cir. 2008).....................................................................................2

*Military Toxics Project v. EPA*,
    146 F.3d 948 (D.C. Cir. 1988).....................................................................................4

*National Parks Conservation Ass'n v. EPA*,
    759 F.3d 969 (8th Cir. 2014) ......................................................................................3

*National Wildlife Refuge Ass'n v. United States Army Corps of Engineers*,
    No. CV 22-3498 (JDB), 2023 WL 11743640 (D.D.C. Apr. 6, 2023) .....................5

*Natural Res. Def. Council v. Costle*,
    561 F.2d 904 (D.C. Cir. 1977).....................................................................................3

*North Carolina v. EPA*,
    531 F.3d 896, 922 (D.C. Cir. 2008).............................................................................3

*State of Wisconsin v. EPA*,
    938 F.3d 303 (D.C. Cir. 2019).....................................................................................3

*United States v. Inhance Tech. LLC*,
    No. 5:22-cv-05055-JFM (E.D. Pa. Apr. 26, 2023) ..................................................5

*Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*,
    395 F. Supp. 3d 1 (D.D.C. 2019)................................................................................6

\* Authorities upon which we chiefly rely are marked with an asterisk.

# TABLE OF AUTHORITIES—CONTINUED

**Page(s)**

*Waterkeeper All., Inc. v. Wheeler*,
   330 F.R.D. 1 (D.D.C. 2018) ..................................................................................................2

*Wildearth Guardians v. Salazar*,
   272 F.R.D. 4 (D.D.C. 2010) ...............................................................................................4, 5

**STATUTES:**

15 U.S.C. § 2601, *et seq.* (TSCA)....................................................................................1, 2, 5

**RULES AND REGULATIONS:**

Fed. R. Civ. P. 24(a) ...........................................................................................................3, 5

*Fed. R. Civ. P. 24(a)(2) ....................................................................................................2, 3, 4

Fed. R. Civ. P. 24(b)(1)............................................................................................................6

Fed. R. Civ. P. 24(c) ................................................................................................................6

\* Authorities upon which we chiefly rely are marked with an asterisk.

# INTRODUCTION

Inhance Technologies is at the center of this dispute. For years, all the other parties to this case—the Plaintiffs and the United States Environmental Protection Agency (EPA) alike—have aggressively pursued Inhance and its fluorination process in both federal administrative proceedings and through federal litigation. In this case, Plaintiffs seek a sweeping order from this Court that would award judicial relief while also directing the agency to take immediate action against Inhance. Their erstwhile ally EPA, however, hopes to dispose of this case quickly—and without Inhance's participation. Because Inhance readily meets the intervention-as-of-right standard, the Court should grant Inhance's motion to intervene.

Inhance's motion for intervention should be granted because Inhance has a legally protected interest—an interest EPA has shown it cannot adequately represent. Over the course of the last year, EPA has taken regulatory action that would have halted Inhance's fluorination processes and put the company out of business had a federal appeals court not declared the agency's overreach unlawful under the Toxic Substances Control Act (TSCA). Now, at Plaintiffs' urging, the Agency is contemplating additional regulatory action under TSCA that would have the same devastating effect on Inhance's business. This action threatens to impair Inhance's interest in defending against the order Plaintiffs seek—including the TSCA Section 6 relief the Government is focused on and the requested Section 7 remedy the Government all but ignores.

The Government also plainly does not adequately represent Inhance's interests. Indeed, the Government generally has hindered Inhance's efforts to protect its interests, including in opposing Inhance's efforts to intervene. And the parties' approach to the merits of Plaintiffs' claims also differs: Inhance agrees this case cannot proceed beyond the pleading stage. But it proffers multiple grounds for dismissal that differ from the Government's narrow defenses.

For all the same reasons Inhance has an interest to protect in this litigation, it has standing to intervene. At minimum, the Court in its discretion should allow Inhance to participate as a permissive intervenor.

## ARGUMENT

**I.  INHANCE SATISFIES THE CRITERIA FOR INTERVENTION AS OF RIGHT.**

Inhance has satisfied all of the requirements under Rule 24(a)(2) to intervene as of right. *See Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (citation omitted). Because the Government agrees that Inhance timely sought to intervene, the remaining factors at issue are whether Inhance (1) has a "legally protected interest" (2) that this action threatens to impair, and (3) whether any party adequately represents Inhance's interest. *Id.* Inhance satisfies all of the remaining factors.

*Legally Protected Interest.* Plaintiffs have asked the Court to "order EPA to immediately file an imminent hazard action under TSCA Section 7 against Inhance to prohibit the formation of PFOA during the fluorination process," or to direct that EPA "make its proposed rule under section 6(a) imposing such a ban immediately effective." Compl. § 133. Because Inhance's fluorination process is the company's primary business, an order prohibiting the process would be an order that puts Inhance out of business.

Inhance thus has ample legal footing to intervene. A "sufficient legal interest—and concrete injury, for standing purposes—typically is established 'where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit.' " *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 7 (D.D.C. 2018) (quoting *Crossroads Grassroots Pol'y Strategies v. Federal Election Comm'n*, 788 F.3d 312, 317 (D.C. Cir. 2015)). There is no reason to depart from that familiar rule here.

The Government argues that the Court should accept its formulation of Plaintiffs' claims and requests for relief—as articulated in its motion to dismiss—and rely on that recasting of the allegations to conclude that Inhance's interest is speculative. Two problems with that.

*First*, it assumes the Plaintiffs lack entitlement to relief. That's not the question the Court is tasked with answering at the intervention stage, however. Rule 24(a) asks whether the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action"—not whether the defendants' defenses to plaintiffs' action, if successful, would leave the intervenor-defendant without an interest in the case. Fed. R. Civ. P. 24(a)(2); *see also National Parks Conservation Ass'n v. EPA*, 759 F.3d 969 (8th Cir. 2014) ("viewing the complaint holistically, the court should assume the plaintiff will receive the relief it seeks and, from that assumption, assess the sufficiency of the prospective intervenor's motion.") (citing *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 733–734 & n.5 (D.C. Cir. 2003)). The Court has made no determination on the issue of subject-matter jurisdiction. And the Government cannot rely on an undecided motion to dismiss to keep Inhance out of this case.

*Second*, having narrowly redefined the issues in this suit, the Government contends that only EPA can be heard on the merits. That is wrong. Nonparties subject to EPA regulation are routinely permitted to participate in suits that involve compliance deadlines. *See, e.g.*, *North Carolina v. EPA*, 531 F.3d 896, 922 (D.C. Cir.), *on reh'g in part*, 550 F.3d 1176 (D.C. Cir. 2008); *State of Wisconsin v. EPA*, 938 F.3d 303 (D.C. Cir. 2019). The practice is a sound one: Because intervenors to a case seeking to compel agency action by a date certain often have an interest in the resulting administrative action, "the practical accommodation" is to grant intervention because "their involvement may lessen the need for future litigation to protect their interests." *Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910–911 (D.C. Cir. 1977) ("[I]t is not enough to deny

intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation.").

*Impairment of Interest.* Plaintiffs seek to ban Inhance's fluorination process, with immediate effect. Compl. ¶¶ 121, 133. The relief Plaintiffs seek thus directly impinges on Inhance's interest—its continued existence as a business. Intervenor-defendants who "would lose property interests and financial investments" if the litigation succeeds have a legally protected interest, *Center for Biological Diversity v. United States Department of the Interior*, 640 F. Supp. 3d 59, 68 (D.D.C. 2022), and so too does Inhance—which stands to lose its right to continue the fluorination processes that sustain the business. To say that it would be "difficult and burdensome" to "reestablish[] the status quo" later is a considerable understatement. *Fund For Animals*, 322 F.3d at 735.

Not to worry, the Government promises: Because TSCA citizen suits like this one typically result in "limited" judgments, Inhance's business will not be "directly affected." Opp. 5. That reads Plaintiffs' "immediate action" requests out of the picture, for starters—and if those succeed, EPA will be ordered to take action putting Inhance out of business. And the Government gets the standard wrong in any event; the D.C. Circuit routinely grants intervention where proposed intervenors seek to defend "agency action affecting them indirectly." *Crossroads*, 788 F.3d at 318 (citing *Fund For Animals*, 322 F.3d at 728, and *Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1988)).

*No Party is an Adequate Representative.* Neither Plaintiffs nor the Government adequately represent Inhance's interest. The Plaintiffs are as adverse as it gets. And "[g]overnmental entities" like EPA " 'generally cannot represent the more narrow and parochial financial interests' of private parties." *Center for Biological Diversity*, 640 F. Supp. 3d at 68 (quoting *Wildearth Guardians v.*

4

*Salazar*, 272 F.R.D. 4, 15 (D.D.C. 2010)). That is all the more so in this case, given EPA's prior attempts at enforcement and shutdown. *See United States v. Inhance Tech. LLC*, ECF No. 33, No. 5:22-cv-05055-JFM (E.D. Pa. Apr. 26, 2023); *Inhance Techs., L.L.C. v. EPA*, 96 F.4th 888 (5th Cir. 2024). The Government nevertheless asserts that it *is* defending Inhance's interests by arguing that the Court lacks subject-matter jurisdiction. Opp. 7. But Inhance has arguments and defenses that EPA does not raise—including the threshold issue of whether there is any "imminent risk" under TSCA Section 7. *See* ECF No. 11-4.

Absent intervention, Inhance will be left to watch PEER, CEH, and EPA litigating over *Inhance's fluorination process*. That is hardly the picture of adequate representation.

## II. INHANCE HAS STANDING.

The Government argues that Inhance lacks Article III Standing because the only relief the Court can provide is narrow, and as a result, Inhance will only be affected by possible *subsequent* EPA action. Opp. 5–6. That is not correct. Because Inhance as "a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and vice versa." *National Wildlife Refuge Ass'n v. United States Army Corps of Engineers*, No. CV 22-3498 (JDB), 2023 WL 11743640, at *3 (D.D.C. Apr. 6, 2023) (quoting *Wildearth Guardians*, 272 F.R.D. at 13 n.5). As explained above, Inhance plainly has a legally protected interest in this case. *National Wildlife Refuge Ass'n*, 2023 WL 11743640, at *3 ("Having met all the requirements under Rule 24(a), it follows that Twin Pines also has Article III standing."). The continued operation of Inhance is no doubt one that affects it in a personal and individual way. This threatened injury is concrete and imminent, and directly attributable to the action Plaintiffs seek EPA to take. And Inhance's harm can be redressed by the Court denying Plaintiffs' request.

5

### III. INHANCE SATISFIES THE CRITERIA FOR PERMISSIVE INTERVENTION.

In the alternative, Inhance satisfies the requirements under Rule 24(b)(1) for permissive intervention. The Government challenges permissive intervention, arguing variously that Inhance does not have a conditional federal statutory right to intervene; it lacks a claim or defense that shares a common issue of law or fact; and that Inhance's participation would delay resolution of this matter. Opp. 7–8. The Government is mistaken. Inhance's interest in ensuring that Plaintiffs do not shut down Inhance's operations is directly connected to the questions of law and fact in this action. And Inhance has shown its intent to promptly participate in the matter; indeed, it sought to intervene well before the Government moved to dismiss.

The Government argues, however, that Inhance should be excluded even from permissive intervention—in this action seeking to shut Inhance down—because Inhance filed a proposed motion to dismiss in lieu of a proposed answer. Opp. 8. Inhance moved to dismiss the Complaint to bring a swift and definitive end to this litigation. In any event, Inhance's lodging a dismissal motion rather than an answer is hardly a reason to *deny intervention*; Inhance can file an answer if and when the Court directs. *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 n.4 (D.D.C. 2019) (concluding that "the Organizations' failure to include with their motion to intervene a copy of their proposed answer to the Complaint does not procedurally bar the Organizations from intervening in this matter."); *In re Yelverton*, No. 09-00414, 2014 WL 4344734, at *1 (Bankr. D.D.C. Sept. 2, 2014) ("Yelverton will not be prejudiced if the court first rules on the motion to dismiss before requiring Webster to file an answer. In that circumstance, it makes no sense to require Webster to file an answer before being allowed to intervene."). Inhance has fully satisfied Rule 24(c).

The Government also claims that Inhance's involvement in this case would delay resolution of the matter. Opp. 8. But Inhance's intervention motion and motion to dismiss pre-date EPA's own Rule 12 motion, *see* ECF Nos. 11, 14; the only reason the Government's motion is fully briefed and Inhance's is not is that briefing has been delayed for more than a month following serial Government requests for additional time to respond to Inhance's intervention motion. ECF Nos. 15, 20; *see also* Minute Order of Oct. 11, 2024.

## CONCLUSION

Plaintiffs seek to "prohibit the production of PFOA during the Inhance fluorination process." Compl. ¶ 121. For all of the reasons stated here and in Inhance's opening brief, Inhance's motion to intervene should be granted and a schedule set for further briefing on Inhance's lodged motion to dismiss.

        Respectfully submitted,

        /s/ *Catherine E. Stetson*
Catherine E. Stetson (D.C. Bar No. 453221)
Susan M. Cook (D.C. Bar No. 462978)
Adam Kushner (D.C. Bar No. 426344)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5600
Fax: (202) 637-5910
cate.stetson@hoganlovells.com

J. Tom Boer (D.C. Bar. No. 469585)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Phone: (415) 374-2336
Fax: (415) 374-2499
tom.boer@hoganlovells.com

Dated: November 8, 2024        *Counsel for Inhance Technologies LLC*